MICHAEL J. MESSINA (SB# 92415)
**WOODS & MESSINA**
550 West "C" Street, Suite 1670
San Diego, CA 92101
Tel. (619) 232-1914
Fax (619) 237-8898

Attorney for Defendant
JESSE BENAVIDES, JR.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JESSE BENAVIDES, JR. (A),<br>Defendant. | Case No.: 07CR3404JLS<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS |

# I.

# STATEMENT OF THE CASE

On or about December 19, 2007, a grand jury indictment indicted Defendant on 8 counts. Count One: Title 8, United States Code (hereinafter U.S.C.), Section 1324(a)(2)(B)(ii), and Title 18, U.S.C., Section 2, Count Two: Title 8, U.S.C., Sections 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(iii). Count Three: Title 8, U.S.C., Section 1324(a)(2)(B)(ii), and Title 18, U.S.C., Section 2. Count Four: Title 8, U.S.C., Sections 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(iii).

Count Five: Title 8, U.S.C., Section 1324(a)(2)(B)(ii), and Title 18, U.S.C., Section 2. Count Six: Title 8, U.S.C., Section 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(iii). Count Seven: Title 8, U.S.C., Section 1324(a)(2)(B)(ii), and Title 18, U.S.C., Section 2. Count Eight: Title 8, U.S.C., Section 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(iii).

The motions hearing is currently set for January 23, 2008. To date no discovery has been provided to defense counsel.

**II.**

**STATEMENT OF FACTS**

The following statement of facts is taken from the probable cause statement written by Senior Patrol Agent James Trombley on December 10, 2007. JESSE BENAVIDES (hereinafter "BENAVIDES") in no way adopts this statement, and reserves his right to make any and all appropriate objections on the stated facts.

On December 7, 2007, around 6:00 p.m., Border Agent J. Weiss (hereinafter "WEISS") observed thirteen illegal aliens in the area known as "Airport Mesa". This area is frequently utilized by illegal alien foot-guides and marks the United States-Mexico International Boundary. Agents B. Beaton (hereinafter "BEATON") AND Jose Ortiz (hereinafter "ORTIZ") responded to the area at WEISS' request. Around 6:24 p.m., WEISS relayed information that some of the group was getting into a vehicle and heading northbound. Four stayed behind, including FERNANDEZ-FERNANDEZ. WEISS notified Agent M. Zakaraysek (hereinafter "ZAKRAYSEK") that the four were hiding in the bushes. As agents approached, FERNANDEZ-FERNANDEZ began running southward. ZAKRAYSEK apprehended FERNANDEZ-FERNANDEZ and took him into custody along with the three who were hiding.

/ / / / /

Around 6:26 p.m., ORTIZ noticed a Silver Chevrolet Tahoe SUV driving northbound past Carrizo Gorge. The vehicle then headed westbound on Interstate 8. Agent M. Hansen (hereinafter "HANSEN") used a "CTDD" device to deflate the silver Tahoe's tires. In doing so, HANSEN's finger was injured. Shortly thereafter, Agent Aoude (hereinafter "AOUDE") saw the same vehicle. The driver appeared to be having difficulty keeping control due to the deflated tires, at one point crossing the median into oncoming traffic. The silver Tahoe came to a stop in the number two lane of Interstate 8, and four of the occupants fled. AOUDE and several other agents arrived at the scene, including Agents Clay Liedecke (hereinafter "LIEDECKE") and C. Allen (hereinafter "ALLEN"). LIEDECKE found three black trash bags that smelled of marijuana and a Kenwood two-way radio inside the vehicle. ALLEN provided a description of the occupants over his radio.

About 30 minutes later, Agent J. Fistola (hereinafter "FISTOLA") found FERNANDEZ-FERNANDEZ's Co-Defendant, JESSE BENAVIDES, JR. (hereinafter "BENAVIDES") hiding in the bushes north of Interstate 8. Agent J. Petraas (hereinafter "PETRAS") arrived to assist FISTOLA in arresting BENAVIDES. AT the station, AOUDE identified BENAVIDES as one of the persons he saw running away from the silver Tahoe. All persons who were apprehended in the course of the investigation, including Esther Gonzalez-Diaz (hereinafter "GONZALEZ-DIAZ"), Omar Abraham Rojas-Rojas (hereinafter "ROJAS-ROJAS"), Gabriel Hernandez-Cortez (hereinafter "HERNANDEZ-CORTEZ) and Victorino Diaz-Reyes (hereinafter "DIAZ-REYES"), admitted to being Mexican citizens. GONZALEZ-DIAZ, ROJAS-ROJAS, HERNANDEZ CORTEZ, and DIAZ-REYES stated they did not have immigration documents and had arranged to be smuggled into the United States. Each then identified FERNANDEZ-FERNANDEZ as one of the foot-guides who had helped them.

## III.

## MOTION TO COMPEL DISCOVERY

### A. Defendant is entitled to Discovery of Defendant's Statements

Pursuant to Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83(1963), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests the disclosure of all statements, written, oral, and recorded, made by defendant which are in the possession, custody, or control of the government or which by the exercise of due diligence may become known to the Government, regardless of to whom the statements were made.

This includes all rough notes of government agents which include statements of Defendant.

A defendant has a right to inspect these requested statements. This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents. United States v. Johnson, 525 F. 2d 999(2d Cir. 1975); United States v. Bailleaux, 685 F. 2d 1105 (9th Cir. 1982).

### B. Defendant is entitled to Disclosure of any Prior Similar Convictions or Prior Similar Acts

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the defendant, the Government shall furnish to the defendant a copy of defendant's prior criminal record, if any, as is within the possession, custody, or control of the government. Defendant makes this request.

The Defendant also requests that the Government provide discovery of any prior similar acts which the Government will intend to introduce into evidence pursuant to Federal Rule of Evidence 404(b). The Defendant must have access to this information in order to make

appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 609 F. 2d 1174 (9th Cir. 1985).

**C. Defendant is entitled to examine any Documents, tangible Items, and the like which are in the Possession, Custody, or Control of the Government**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(c) and Brady v. Maryland, 373 U.S. 83 (1963), the Defendant requests the opportunity to inspect and copy all books, papers, documents, photographs, and tangible items which are in the possession, custody, or control of the Government and which are material to the preparation of the defense intended for use by the Government as evidence in the case in chief. The Defendant further makes these requests pursuant to Brady v. Maryland on the ground that this evidence may provide exculpatory information that is beneficial to the Defendant in the defense against the charges in the indictment.

The request includes, but is not limited to the following: All search warrants and their accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by law enforcement officers pursuant to warrants and/or otherwise (this request includes the searches of all residences, businesses, automobiles, and other locations regarding the case); all tape-recorded conversations, closed circuit television surveillance of suspects, telephone toll analysis, bank records and financial documents involving the case. This request also includes the results of all follow-up investigations regarding the above-requested evidence. These requests are made pursuant to Federal Rule of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963).

/ / / / /

/ / / / /

**D. <u>Due Process Exculpatory Information</u>**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests disclosure of all information of whatever form, source, or nature which tends to exculpate Defendant by indicating innocence, contradicting the Government's theory of the case, and impeaching the credibility of potential government witnesses. This request specifically includes all co-conspirator statements, indicted and unindicted, all third party witness statements interviewed by government agents and/or of which the Government has custody, dominion or control. This request includes all recorded conversations, electronic, mechanical, stenographic, or otherwise, of all co-conspirators, indicted and unindicted, all defendants, and all potential witnesses whose statements are relevant to the subject matter charged in the indictment and are in the possession, custody, or control of the government. It also includes such statements within the meaning of 18 U.S.C. Section 3504.

Defendant requests the Government to provide all statements made by all potential witnesses. The term "statements" as used in this request include tape-recorded conversations, rough notes, correspondence, memoranda, or reports prepared directly by such persons and/or by any government agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as sell as previous in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such statements were given orally to any government agent. Defendant requests that they be committed to writing and produced forthwith.

In addition, Defendant requests access to prior testimony of all government witnesses. Two statutory provisions and one major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the

Jencks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Federal Rule of Criminal Procedure 16(a)(2) excludes from the operation of the general discovery provisions of Rule 16 those reports, memoranda, and internal government documents generated during the course of an investigation into the case, except as provided in the Jencks Act. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government to disclose all exculpatory material in its possession. See Brady v. Maryland, 373 U.S. 83 (1963). Defendant makes this request under all three provisions.

As part of this request, Defendant also requests the name, address and telephone number of each person the Government intends to call as a witness at trial. Additionally, Defendant requests the name, address and telephone number of each person who was present during or had material information regarding, any act or transaction charged in the indictment, whether or not the Government intends to call such a person as a witness at the trial. The request includes a list of all witnesses appearing before the Grand Jury in connection with this case. Advance disclosure of witnesses is essential if Defendant's Sixth Amendment right to effective assistance of counsel is to have any real meaning. This request is properly before the Court. See United States v. Cadet, 727 F. 2d 1453, 1469 (9th Cir. 1984); Wilson v. Rose, 366 F. 2d 611 (9th Cir. 1966).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Davis v. Alaska, 415 U.S. 308 (1974), Defendant makes the following request for:

/ / / / /

/ / / / /

1) All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential witnesses in this case;

2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;

3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and all information relating to drug uses of each potential witness;

4) All information relating to the use of aliases or fictitious names by each potential government witness;

5) All information relating to prior acts of all potential witnesses which are probative of their character for untruthfulness within the meaning of Federal Rule of Evidence 608(b); and,

6) All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

**E. <u>Request for Expert Witness Information</u>**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), Defendant requests to inspect and copy or photograph any results of reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which

reports are material to the preparation of the defense or intended for use by the Government as evidence in their case in chief at trial.

In regards to the expert information, Defendant requests all rough notes, memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert analysis regarding fingerprints or any of the seized evidence, scientific analysis of any of the recorded conversations and/or closed circuit television surveillance. In regards to this latter request, Defendant requests the opportunity to perform independent scientific analysis on all recorded conversations and all closed circuit television surveillance conducted in this case.

**F. Defendant is entitled to Disclosure of the Evidence the Government intends to use against Defendant at Trial**

Pursuant to Federal Rule of Criminal Procedure 12(d), Defendant requests that this Court order the Government to disclose the evidence it intends to use against Defendant at trial. This request includes any evidence which Defendant may be entitled to under Federal Rule of Criminal Procedure 16, subject to any relevant limitation prescribed by that rule.

## IV.

## PRESERVE ROUGH NOTES

Defendant hereby moves this Court to order:

1) Preservation and production of rough notes of government witness interviews and the interrogatories of Defendant; and,

2) Sanctions for destruction of any of the rough notes including the exclusion of any witness' testimony as to which the rough notes have been destroyed.

The grounds for this motion are that rough interview notes must be preserved and disclosed to the defense under the Federal Rule of Criminal Procedure, Rule 16 and 18 U.S.C. Section 3500.

**V.**

**MISCELLANEOUS ADDITIONAL DISCOVERY REQUESTS**

A. All government forms, notes, memoranda signed by Defendant in connection with, or as a result of the arrest herein.

B. Copies of all sound or video tape recordings taken of Defendant and any material witnesses during the course of investigation and arrest herein, and any and all existing transcripts thereof.

**VI.**

**LEAVE TO FILE FURTHER MOTIONS**

A continuance may be warranted in this matter due to the fact that further discovery is required in order to adequately prepare motions; at this date, some discovery has been provided. Accordingly, Defendant prays for leave to file further motions should such motions be warranted.

Respectfully submitted,

Dated: January 9, 2008

S/ MICHAEL J. MESSINA
MICHAEL J. MESSINA
Attorney for Defendant
JESSE BENAVIDES